IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK JORDAN, #307484,

                                                                      ORDER

              Plaintiff,

                                                     08-cv-210-bbc

     v.

TOBIAS TURON (DDS, CVCTF),
LISA YEAGER (Dental Services, CVCTF),
BECKY DRESSLER (Nursing Supervisor, CVCTF),
BARBARA DE LAP (Dental Services, Madison),
STEVEN SCHELLER (Dental Division, Portage),
SHARON ZUNKER (Title unknown, Madison),

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated May 27, 2008, I granted plaintiff leave to proceed under 28 U.S.C. § 1915A on his claim that defendants Tobias Turon, Lisa Yeager, Becky Dressler, Barbara De Lap, Steven Scheller and Sharon Zunker are being deliberately indifferent to his serious dental health care needs by failing to arrange for him to see a dentist who will address his need for dentures and the problems he is having with bleeding and swelling gums and swelling in his throat. In the same order, I denied his motion for a preliminary injunction on the grounds that the motion contained only vague and conclusory allegations concerning his current health and defendants' failure to act and failed to comply with this court's

1

procedures for obtaining a preliminary injunction, a copy of which I enclosed to him. Now plaintiff has filed a second motion for preliminary injunctive relief, together with affidavits from six fellow inmates, a document titled "A statement of record facts proposed" and photocopies of documents. Unfortunately, although plaintiff has gotten closer to complying with this court's procedures that he was when he filed his first motion, he continues to miss the mark in two significant ways. First, he has not submitted factual propositions, set forth in numbered paragraphs, that are followed by references to evidence in the record that supports the proposition. Procedure IIA.2. Second, his factual statements about his circumstances and his attempt to authenticate certain of the photocopied documents attached to his motion cannot be considered because he has not declared his statements to be true *under penalty of perjury*. See 28 U.S.C. § 1746.

This court's procedures anticipate that the proposed findings of fact will be set forth in a document separate from the evidence. Procedure II.A.1.b. Plaintiff's proposed findings of fact and his own factual statements concerning his dental health care are contained in the same document. An "affidavit" is the proper legal name for a document containing a litigant's or witnesses' factual statements supporting a motion such as a motion for a preliminary injunction. To be accepted as evidence in a case, factual statements made in an affidavit must be based on the affiant's own personal knowledge and must be sworn to in the presence of a notary public or, alternately, must be declared to be true under penalty of

2

perjury in writing by the affiant. Plaintiff's statements are neither notarized nor declared to be true under penalty of perjury. Therefore, I cannot construe his "statement of record facts" as an affidavit and consider it as evidence supporting his motion for preliminary injunctive relief.

Even if plaintiff had complied fully with this court's procedures, I would deny his motion for a preliminary injunction, because the materials plaintiff has submitted do not support a finding that he is presently being denied dental health care. Indeed, plaintiff's documents show and plaintiff admits that he has been put on a list to receive dentures. In addition, dental health services staff saw plaintiff twice in April (April 7 and 13 or 14) and twice in May (May 14 and 28). On April 13, 2008, he was referred to the Health Services Unit for follow-up on his complaints of a sore throat. On May 14, the dentist prescribed him a Linocaine Hydrochloride Solution to help with the soreness and discomfort in his mouth; this prescription was refilled on May 28, 2008, at which time plaintiff also was prescribed Ibuprofen 400 for pain and a dietary supplement drink ("Boost") in an effort to address his concerns about the inadequate nutrition he was receiving from the soft diet ordered for him.

Certainly, I can appreciate that plaintiff would like his dentures now. However, to be entitled to preliminary injunctive relief, plaintiff is required to show as a threshold matter that he has some likelihood of success on the merits of his claim that defendants are being

3

deliberately indifferent to his serious dental health care needs and that he will suffer irreparable harm if an injunction is not issued. Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989); In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997). Nothing in plaintiff's submissions supports a finding that defendants are refusing at this time to obtain dentures for him or that they are failing to address the several problems he is experiencing as a result of being without teeth. In the absence of such evidence, he cannot show that defendants are being deliberately indifferent to his serious dental health care needs or that he will suffer irreparable harm if an injunction is not issued.

ORDER

IT IS ORDERED that plaintiff's second motion for a preliminary injunction is DENIED.

Entered this 12th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge