IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK JORDAN, #307484,

                        Plaintiff,

     v.

TOBIAS TURON (DDS, CVCTF),
LISA YEAGER (Dental Services, CVCTF),
BECKY DRESSLER (Nursing Supervisor, CVCTF),
BARBARA DE LAP (Dental Services, Madison),
STEVEN SCHELLER (Dental Division, Portage),
SHARON ZUNKER (Title unknown, Madison),

                        Defendants.

ORDER

08-cv-210-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff filed this lawsuit while he was in prison, alleging that defendants violated his Eighth Amendment rights by failing to provide him adequate dental care while he was in prison. During the course of this lawsuit, plaintiff sought and received an amendment to the schedule in this case to extend the deadlines for disclosure of expert reports and dispositive motions to account for the fact that plaintiff would be released from prison during his lawsuit. Dkt. #31. Plaintiff was released from prison, and has provided notice of his change of address, most recently on January 23, 2009. In that notice, plaintiff indicates that he

would be at that address only "temporarily."  Dkt. #45.

Defendants have filed a motion for summary judgment, dkt. #51, which they mailed to plaintiff's most recent address, dkt. #59.  To date, plaintiff has not opposed defendants' motion for summary judgment, or even contacted the court since he submitted his latest notice of change of address on January 23, 2009.  Because he has failed to respond to defendant's motion for summary judgment or communicate with the court in any other way since January 23, 2009, it appears plaintiff may no longer be interested in prosecuting this case.  In these circumstances, rather than turn straight to the merits of defendants' unopposed motion for summary judgment, it is proper to decide first whether petitioner wishes to even proceed in this case.  Therefore, I will grant plaintiff a short time in which to show cause why this case should not be dismissed with prejudice for his failure to prosecute. If plaintiff fails to respond within the time allowed, this case will be closed.

ORDER

IT IS ORDERED that plaintiff shall show cause no later than May 14, 2009, why this case should not be dismissed with prejudice for lack of prosecution.  If plaintiff does not respond by May 14, 2009, the clerk of court is directed to enter judgment in favor of

2

defendants dismissing this case with prejudice.

Entered this 5th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge