IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK JORDAN, #307484,

        Plaintiff,                      ORDER

      v.                          08-cv-210-bbc

TOBIAS TURON (DDS, CVCTF),
LISA YEAGER (Dental Services, (CVCTF),
BECKY DRESSLER (Nursing Supervisor, CVCTF),
BARBARA DELAP (Dental Services, Madison)
STEVEN SCHELLER (Dental Division, Portage)
and SHARON ZUNKER (Title Unknown, Madison),

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on May 27, 2009, dismissing the case with prejudice for plaintiff's lack of prosecution. Almost a year later, plaintiff sought relief from judgment under Fed. R. Civ. P. 60. I denied his motion on June 8, 2010.

      Now plaintiff has filed a notice of appeal. Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice as including a request for leave to proceed on appeal in forma pauperis. Although plaintiff requests an extension of time to file his appeal, this

1

motion will be denied as moot now that he has filed the notice.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  Plaintiff does not have three strikes against him and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal.  28 U.S.C. § 1915(a)(2).  Plaintiff has not submitted the necessary trust fund account statement.  Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

Accordingly, IT IS ORDERED that plaintiff may have until July 12, 2010, in which to submit a certified copy of his trust fund account statement for the six-month period from approximately December 18, 2009 to approximately June 18, 2010.  If, by July 7, 2010, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

FURTHER, IT IS ORDERED that plaintiff's motion for an extension of time to file

an appeal, dkt. #71, is DENIED as moot.

    Entered this 22d day of June, 2010.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge