IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK JORDAN, #307484,

                                                  MEMORANDUM

            Plaintiff,

                                                  08-cv-210-bbc

     v.

TOBIAS TURON (DDS, CVCTF),
LISA YEAGER (Dental Services, CVCTF),
BECKY DRESSLER (Nursing Supervisor, CVCTF),
BARBARA DE LAP (Dental Services, Madison),
STEVEN SCHELLER (Dental Division, Portage),
SHARON ZUNKER (Title unknown, Madison),

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK P. JORDAN, #307484,

                                                MEMORANDUM

            Plaintiff,

                                                 08-cv-757-bbc

     v.

Sgt. LAVERNE PRICE (Correctional Officer,
CVCTF), PAM WALLACE (Warden, CVCTF),

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered June 8, 2010, I denied a motion for relief from judgment under

1

Fed. R. Civ. P. 60 filed by plaintiff Darrick P. Jordan in these two civil rights cases, concluding that he did satisfactorily explain why he waited so long to attempt to contact the court and prosecute his cases after he stopped participating in them.  On June 18, 2010, plaintiff filed a notice of appeal, after which this court transmitted the appropriate documents from plaintiff's cases to the Court of Appeals for the Seventh Circuit.  On June 28, plaintiff filed a motion for reconsideration of the June 8 denial of his Rule 60 motion.

By filing an appeal and seeking reconsideration, plaintiff may be seeking to maximize his chances that one court or another will agree with him.  Or, perhaps he has grown cynical about his chances in the court of appeals.  Whatever the case is, this court has lost jurisdiction over the case with respect to matters related to the Rule 60 motion.  As the Supreme Court has explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  The rationale behind this rule is that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  Id.; see also, Apostol v. Gallion, 870 F.2d 1335, 1337 ("Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between forums.").

Because I no longer have jurisdiction over matters related to plaintiff's Rule 60 motion, I cannot address his motions for reconsideration and will therefore take no action on the matter. (Even if I did have jurisdiction, I would not be inclined to grant plaintiffs' motions because even now he does not offer a satisfactory explanation for his failure to use one of several readily available means of communicating with the court in the many months after he stopped participating in his case.)

ORDER

IT IS ORDERED that plaintiff Darrick Jordan's motions for reconsideration of the dismissal of his cases is DENIED for lack of jurisdiction.

Entered this 20th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3