IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK JORDAN, #307484,

                    Plaintiff,                                    ORDER

          v.                                                      08-cv-210-bbc

TOBIAS TURON (DDS, CVCTF),
LISA YEAGER (Dental Services, (CVCTF),
BECKY DRESSLER (Nursing Supervisor, CVCTF),
BARBARA DELAP (Dental Services, Madison)
STEVEN SCHELLER (Dental Division, Portage)
and SHARON ZUNKER (Title Unknown, Madison),

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on May 27, 2009, dismissing the case with prejudice for plaintiff's failure to prosecute it. Almost a year later, plaintiff sought relief from judgment under Fed. R. Civ. P. 60. I denied his motion on June 8, 2010. On June 18, 2010, plaintiff filed a notice of appeal, after which this court transmitted the appropriate documents from plaintiff's case to the Court of Appeals for the Seventh Circuit. On June

28, plaintiff filed a motion for reconsideration of the June 8 denial of his Rule 60 motion, which I concluded I could not address because this court no longer had jurisdiction over matters related to plaintiff's Rule 60 motion.

Now plaintiff has filed a second notice of appeal from the June 8 order denying his Rule 60 motion.  Because this notice of appeal was filed on October 18, 2010, more than four months after the court's June 8 order, the appeal may be untimely.  However, I will not deny it for that reason, because only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal.  Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999).

Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice as including a request for leave to proceed on appeal in forma pauperis.  Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  I conclude that plaintiff's appeal is not taken in good faith because it is duplicative of his previous appeal of the June 8 order.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  With his motion, he must include an affidavit as

2

described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order.  Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.  If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #85, is DENIED.  The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 18th day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3